IN RE SEBREE'S ESTATE.
STATE, APPELLANT, v. JONES, ET AL., RESPONDENTS.
No. 8865
Submitted February 21, 1949. Decided June 1, 1949.
206 Pac. (2d) 553

510

Mr. R. V. Bottomly, Atty. Gen., Mr. M. Baxter Larson, Asst. Atty. Gen., and Mr. H. O. Vralsted, Sp. Asst. Atty. Gen., for appellant. Mr. Vralsted argued orally.

Messrs. Jardine, Chase & Stephenson, Mr. Alex Blewett, Jr. Great Falls and Mr. John Collins, Dillon, for respondent. Mr. Collins argued orally.

DISTRICT JUDGE FLACHSENHAR, sitting in place of Mr. Justice Bottomly, who deemed himself disqualified:

Mrs. Carrie Sebree, a resident of California, age 65, died testate on May 5, 1947. Her will, dated August 14, 1946, made at Dillon, Montana, was admitted to probate in California. The named executrix was Lucy M. Jones, one of the respondents. Thereafter ancillary administration was granted to Lucy M. Jones in Montana.

This appeal concerns the inheritance tax due upon certain real and personal property known as the Metlen Hotel property in Dillon, Montana. On August 12, 1946, two days before making her will the decedent entered into an escrow agreement with John Kosowski, the other respondent herein, hereinafter designated as the grantee, for the conveyance of the Metlen Hotel property. A warranty deed, conveying the property, was executed by the decedent and deposited with the escrow agreement in the First National Bank of Dillon. The deed was to be de-

livered to the grantee after he had performed all the terms of the agreement. The grantee was required to pay $175 per month, beginning January 1, 1947, to the depository bank for the credit of decedent to and including December 1, 1949, a period of three years, making a total sum of $6,300, and thereafter to pay $150 per month to the bank for the remainder of the lifetime of the decedent.

At the time of making the agreement Mrs. Sebree was in good health and her life expectancy was 11.1 years. The grantee also agreed to pay to Lucy Jones $4,000 upon the death of Mrs. Sebree. Grantee was to make necessary repairs and keep the property insured for $12,000 with loss payable to decedent. The grantee was to have possession of the property from and after January 1, 1947. The decedent was to pay the taxes. Mrs. Sebree died eight months and twenty-one days after the date of the escrow agreement. The state board of equalization contended that the transfer was made in contemplation of death, that the transfer was one intended to take effect in possession or enjoyment at or after death and that this was a transfer of a material part of Mrs. Sebree's estate in the nature of a final disposition or distribution thereof without a fair consideration in money or money's worth.

The district court set the matter for hearing, giving the notice as required by law and the respondents each appeared with counsel and each testified. No appearance was made or proof submitted by the state and no appraisal of the property was made or requested.

The learned district judge made findings that the grantee, Kosowski, entered into possession of the hotel and during the lifetime of the grantor made necessary repairs and improvements upon the building and grounds at a cost of $8,000 and upwards; that he purchased from other persons furniture and fixtures at a cost of $2,800 and upwards; and that upon the death of decedent he paid to said Lucy Jones the sum of $4,000 as required in said contract.

The court further found that the property involved in the

transfer from said Carrie Sebree to said John Kosowski is property which Lucy Jones did not, either as executrix or as beneficiary, have in possession, nor have any right to take into possession. The court also found that the transfer of the property was not a gift, nor was it made in contemplation of the death of grantor, and that the agreement was not intended to take effect in possession or enjoyment at or after her death; that the consideration provided was a fair consideration in money for the property described in the deed deposited therewith; that there is still due from John Kosowski to the estate of Carrie Sebree under the terms of the contract the sum of $5,600, being the balance of the payments due between January 1, 1947, and December 31, 1949.

Primarily two questions are involved in this appeal. First, was this a transfer in the nature of a final distribution of the estate without a fair consideration in money or money's worth? Second, was this a transfer in contemplation of death or intended to take effect at or after death?

The statute relied upon by the board is subdivision 3 of section 10400.1, R. C. M. 1935: "A tax shall be and is hereby imposed upon any transfer of property * * * in the following cases, * * * (3) In contemplation of death. When the transfer is of property made by a resident or by a nonresident when such nonresident's property is within the state, or within its jurisdiction, by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor, or donor, or intended to take effect in possession or enjoyment at or after such death. Every transfer by deed, grant, bargain, sale or gift, made within three years prior to the death of the grantor, vendor or donor, of a material part of his estate, or in the nature of a final disposition or distribution thereof, and without a fair consideration in money or money's worth shall, unless shown to the contrary be deemed to have been made in contemplation of death within the meaning of this section.

The state contends that the value of the Metlen Hotel property is $28,000, but the only evidence of the value of the prop-

erty in the record is an offer of $12,000 which Mrs. Sebree received for the property before she began negotiations with Kosowski and the provision in the escrow agreement that the property was to be kept insured for $12,000 with loss payable to Mrs. Sebree. Kosowski had already paid $10,300 which in itself might be deemed consideration for the old hotel property. Certainly as against the $12,000 value this sum was not so disproportionately less as to warrant the court in finding that the transaction was beneficent and donative.

Whether an annuity to the grantor is sufficient consideration to free the transfer from the tax depends upon the facts of the individual case. Danzer v. Moerschel, Mo. Supp., 214 S. W. 849, 7 A. L. R. 1065.

It is significant to note that in nearly all cases where transfers have been held to be taxable, the facts disclose that the transfers have been made between or to persons within the family group. The transferees or beneficiaries of the trusts have, in the great majority of cases, been the natural objects of the bounty of the transferor. The favorite method to attempt to evade the tax has been to retain a life interest in the property, which nearly always has resulted in a decision that the transfer was taxable.

In the instant case we have an entirely different situation from most of the cited authorities. Here the parties were not related to each other and the facts show that they dealt at arm's length. The hotel was built in 1897 and in 1946 it was run down and in a bad state of repair. The tenants wanted to give it up and Mrs. Sebree did not have funds to make the necessary repairs. She had an offer of $12,000 but was doubtful of how to invest such a sum if she sold it. Mrs. Sebree talked to Mr. Kosowski and agreed upon terms. They then consulted an attorney at Dillon, Montana, outlining the conditions of sale. Before signing she made a trip to Great Falls, Montana, where she discussed the proposed sale with her cousin and expressed satisfaction as to its terms. She then returned to Dillon and completed the deal. Here we have legitimate negotiations for the

sale of property in a regular and ordinary businesslike manner, wherein the transfer would be of advantage to each party. The advantage to the grantor was that she did not have to put up any money for immediate repairs, had no further worry about the hotel, and provided for herself a fixed and definite income for life—an annuity, secured by the agreement.

The advantage to the grantee was that he could have immediate possession, make the repairs according to his own ideas and plans as the ultimate owner, and did not have to pay the $12,000 at once but could spread it out in monthly payments until the death of Mrs. Sebree.

In addition to the $10,300, Kosowski had obligated himself to pay an annuity of $150 a month to decedent as long as she lived. This was not payable from the income from the property. If she had lived the 11.1 years of her expectancy, the grantee would have had to pay an additional $14,400. Such an agreement is a fair and valuable consideration in money or money's worth. It was a strictly business transaction, beneficial to both parties and the conclusion that the consideration was fair will not be disturbed.

Since we have determined that the transfer was for fair consideration and was a bona fide business transaction, the transfer is not taxable under subdivision 3 of section 10400.1, R. C. M. 1935. In re Estate of Oppenheimer, 75 Mont. 186, 243 Pac. 589, 592, 44 A. L. R. 1470, quoted from State v. Pabst, 139 Wis. 561, 121 N. W. 351, as follows: " 'The statute was not intended to restrict persons in their right to transfer property in all legitimate ways * * *'." See also, 28 Am. Jur., "Inheritance, Estate, and Gift Taxes," p. 81, sec. 139, n. 2.

This, then, was not a "transfer by deed, grant, bargain, sale or gift * * * without a fair consideration in money or money's worth" and is therefore not a taxable transfer in contemplation of death or intended to take effect in possession or enjoyment at or after death.

Error was assigned because no tax was assessed against certain furniture belonging to deceased which passed with the

hotel. But the evidence was that such furniture was old and of little value and most of that which had any value was purchased by grantee from other parties. The board objected to the admission of such evidence on the ground that no answer or reply was filed by the respondents to controvert its verified affirmative allegations. We have held that tax proceedings are governed by statute and only those pleadings enumerated in the statute are necessary. Therefore no reply or answer was necessary to frame the issues and permit the introduction of such testimony on behalf of the respondents. In re Mapes' Estate, 112 Mont. 549, 118 Pac. (2d) 755; In re Anderson's Estate, Mont., 1948, 194 Pac. (2d) 621.

The judgment is affirmed.

Mr. Chief Justice Adair and Associate Justices Angstman, Metcalf and Freebourn, concur. ·